# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| MITCHELL MODISETT, JEFF WILLOUGHBY, GLEN FORD, JEFF GADDIS, WILLIAM MCDONALD, FRED MARSHALL, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, <br><br> *Plaintiffs*, <br><br> v. <br><br> DELEK REFINING, LTD., <br><br> *Defendant*. | § § § § § § § § § § § § § § § | Case No. 2:18-CV-00389-JRG-RSP |

## **MEMORANDUM ORDER**

This is a collective action filed by six named Plaintiffs ("Plaintiffs") against Defendant Delek Refining, Ltd. ("Delek") under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), seeking to represent all other similarly situated past and present employees … who have not been paid their wages and overtime wages for all time worked in excess of 40 hours per workweek." Coll. Act. Compl., (Dkt. No. 1 at ¶ 2). In their Complaint, Plaintiffs "seek to represent similarly situated current or former employees … at the Delek refineries located in Tyler, Texas, Big Spring, Texas, El Dorado, Arkansas, and Krotz Springs, Louisiana. (*Id.* at ¶ 5).

Delek points out that in Plaintiffs' motion for notice to potential plaintiffs (Dkt. No. 17), Plaintiffs now only seek to represent current or former employees at the Delek refinery located in Tyler. (Dkt. No. 24 at 3). Because all the events, parties, witnesses, documents, and physical evidence are located in the Tyler Division, Delek moves to transfer venue from the Marshall Division to the Tyler Division of the Eastern District of Texas pursuant to 28 U.S.C. § 1404(a). (*Id.*). This argument overlooks the rule that transfer motions are decided on the basis of the facts

1

and record as it stood at the time the lawsuit was filed. This case has not been limited to only employees of the Defendant's Tyler refinery.

## DISCUSSION

### A. Proper Venue

The venue statute permits a district court to transfer a case to another district or division "[f]or the convenience of parties and witnesses" and "in the interests of justice." 28 U.S.C. § 1404(a). The preliminary question under § 1404(a) is whether the case "might have been brought" in the destination venue. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) ("*Volkswagen II*"); *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*"). The parties do not dispute that the case could have been brought in either the Tyler Division or the Marshall Division of the Eastern District of Texas.

### B. Defendants' Good Cause Burden

Once the court resolves the preliminary jurisdiction question, the movant must meet its "*good cause*" burden. *Volkswagen II*, 545 F.3d at 315 (emphasis added). The movant meets its good cause burden by demonstrating that the transferee venue is *clearly more convenient* than the venue chosen by the plaintiff. *Id.* "[W]hen the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected." *Id.* The good cause burden "reflects the appropriate deference to which the plaintiff's choice of venue is entitled." *Id.*[1]

"[T]he determination of 'convenience' turns on a number of private and public interest factors, none of which are given dispositive weight." *Volkswagen I*, 371 F.3d at 203 (quoting

---

[1] The heavy burden traditionally imposed upon defendants by the *forum non conveniens* doctrine was dropped in the § 1404(a) context. *Volkswagen II*, 545 F.3d at 314. The burden of a moving party in a § 1404(a) venue transfer motion is "less demanding than that a moving party must meet to warrant a *forum non conveniens* dismissal," i.e., a substantially more convenient alternative. *Id.* Consequently, the avoidance of dismissal through § 1404(a) lessens the weight to be given to Plaintiff's choice of venue, requiring only a good cause demonstration from Defendants. *See id.* at 314-15.

§ 1404(a)). Although these factors "are appropriate for most transfer cases, they are not necessarily exhaustive or exclusive." *Volkswagen II*, 545 F.3d at 315. Unless the balance of factors is strongly in favor of the defendant, the plaintiff's choice in forum should be respected. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947). The private and public interest factors apply as much to transfers between divisions of the same district as to transfers from one district to another. *In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013). Ultimately, it is within a district court's sound discretion to transfer venue under § 1404(a), but the court must exercise its discretion in light of the particular circumstances of the case. *Hanby v. Shell Oil Co.*, 144 F. Supp. 2d 673, 676 (E.D. Tex. 2001).

### 1. Private Interest Factors

The private factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen II*, 545 F.3d at 315 (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)).

#### a. Sources of Proof

For this factor to weigh in favor of transfer, the movant must demonstrate that transfer will result in more convenient access to sources of proof. *Remmers v. United States*, No. CIV. A. 1:09-CV-345, 2009 WL 3617597, at *4 (E.D. Tex. Oct. 28, 2009). Courts analyze this factor in light of the distance that documents, or other evidence, must be transported from their existing location to the trial venue. *Uniloc USA, Inc. v. Activision Blizzard, Inc.*, No. 6:13-CV-256, 2014 WL 11609813, at *2 (E.D. Tex. July 16, 2014) (citing *Volkswagen II*, 545 F.3d at 316) (noting that this factor is still relevant even if documents are stored electronically). This factor turns upon which

party "most probably [has] the greater volume of documents relevant to the litigation and their presumed location in relation to the transferee and transferor venues." *Id.* (citing *In re Nintendo Co.*, 589 F.3d 1194, 1199 (Fed. Cir. 2009); *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009); and *Volkswagen II*, 545 F.3d at 314–15). "Presumably, the bulk of the discovery material relating to a corporate party is located at the corporate headquarters." *Uniloc USA*, 2014 WL 11609813, at *2 (citing *In re Acer Am. Corp.*, 626 F.3d 1252, 1256 (Fed. Cir. 2010)). The moving party must identify sources of proof with enough specificity that a court can determine whether transfer will increase the convenience of the parties. *J2 Global Commc'ns, Inc. v. Proctus IP Solutions, Inc.*, No. 6:08-CV-211, 2009 WL 440525, at *2 (E.D. Tex. Feb. 20, 2009). That access to some sources of proof presents a lesser inconvenience now than it might have absent recent developments does not render this factor superfluous." *Volkswagen II*, 545 F.3d at 316.

Delek argues that this factor weighs in favor of transfer because "[a]long with the events and parties, all of the documents and physical evidence of this case are located in the Tyler Division." (Dkt. No. 24 at 7). Delek submits an affidavit from an HR manager, Haylee James, listing four employees as potential witnesses and showing the cities where the Plaintiffs reside. James Decl., (Dkt. No. 24-1).

Plaintiffs identify one source of proof – pay records – and argue that the location of the pay records should be given little weight in light of the advances in technology and electronic transmission. (Dkt. No. 26 at 8). However, the Fifth Circuit has held that the location of sources of proof remains a meaningful factor in the transfer analysis despite technological advances regarding a document's location. *Volkswagen II*, 545 F.3d at 316.

In any case, Delek's arguments fall short. Delek asks the Court to rely on the Plaintiffs' cities of residence and the motion for notice (Dkt. No. 17) as a basis to transfer this action, but

4

Delek ignores the fact that there may be additional sources of proof beyond the Plaintiffs and the four party witnesses identified in James's declaration. This is a collective action in which numerous putative plaintiffs may opt-in – these plaintiffs work in Texas, Arkansas, and Louisiana. That Plaintiffs sought to notify a group of employees employed by Delek in Tyler, Texas, as indicated in their motion for notice (Dkt. No. 17), does not mean that "this matter now only concerns … Delek's Tyler, Texas[] facility" (Dkt. No. 24 at 1). Discovery has yet to begin in this case, and a determination of putative plaintiffs is yet to be made. Additionally, there are likely non-party and party witnesses beyond just the four party witnesses discussed in James's affidavit, given that this action may include former and current employees at the Delek locations in Texas, Arkansas, and Louisiana. Likewise, there are likely records maintained at each of the facilities in those states. Thus, while evidence relating to most of the Plaintiffs may be located in Tyler, there may be additional evidence relating to putative plaintiffs at Delek facilities in El Dorado, Arkansas and Krotz Springs, Louisiana – a long distance from both the Tyler and Marshall Divisions, but definitely closer to Marshall. Those facts make this factor neutral.

### b. Availability of Compulsory Process

Rule 45 of the Federal Rules of Civil Procedure provides a district court with authority to compel a witness or party to attend a trial, hearing, or deposition in four ways. First, a witness can be compelled to attend a trial, hearing, or deposition "within 100 miles of where the person resides, is employed, or regularly conducts business in person." Fed. R. Civ. P. 45(c)(1)(A). Second, a "party or a party's officer" may be compelled to travel more than 100 miles to attend a trial, hearing, or deposition "within the state where the person resides, is employed, or regularly transacts business in person." Fed. R. Civ. P. 45(c)(1)(B)(i). Third, nonparty witnesses may be required to travel more than 100 miles to attend a trial within the state where they reside, are

employed, or regularly transact business in person if they would not "incur substantial expense" as a result. Fed. R. Civ. P. 45(c)(1)(B)(ii). Finally, a district court has nationwide subpoena power to compel non-party witnesses' attendance at a deposition within 100 miles of where the witness resides, is employed, or regularly transacts business in person. Fed. R. Civ. P. 45(a)(2), 45(c)(1).

Delek argues that this factor is neutral because the Marshall Division is within 100 miles of the Delek facility in Tyler, and thus most of the identified witnesses will be within the subpoena power of either the Tyler Division or the Marshall Division. (Dkt. No. 24 at 7). Plaintiffs point out that the only witnesses Delek focuses on are Delek's own employees in Tyler, and the Court should consider both party and non-party witnesses in finding this factor neutral. (Dkt. No. 26 at 6-7).

The Court agrees with the parties' conclusion – this factor is neutral. The four identified witnesses to which Delek refers are all party witnesses in Tyler. These witnesses can be compelled to attend trial in either Marshall or Tyler because both Divisions are within 100 miles of where the parties are employed. As to the witnesses in Big Spring, Texas, those witnesses (both party and non-party) can be compelled to travel to either Tyler or Marshall since both Divisions are here in Texas. Witnesses in Arkansas and Louisiana could be beyond both Divisions' subpoena power. Accordingly, the Court finds that this factor is neutral.

### c. Costs for Witnesses

When analyzing this factor, all parties and witnesses must be considered. *Volkswagen I*, 371 F.3d at 204. "When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Volkswagen I*, 371 F.3d at 204-05. The Fifth Circuit clarified that the 100–mile "threshold" in this factor has greater significance when the distance is greater than 100 miles. *In re Radmax*, 720 F.3d at 289.

Delek contends that this factor weighs in favor of transferring this matter to the Tyler Division because none of the Plaintiffs or current opt-in plaintiffs live within the Marshall Division, and the witnesses who are likely to provide relevant testimony all work or reside in the Tyler Division. (Dkt. No. 24 at 7-8). Additionally, James states that "[s]hould the witnesses … be called to testify at a hearing or trial in Marshall, more than 60 miles away from the [Delek] refinery [in Tyler], their absence and distance could create a safety issue to the facility and to the surrounding area." (Dkt. No. 24-1 at ¶ 6). Plaintiffs respond that the "record is devoid of any evidence establishing the cost of attendance for any non-party witnesses, which causes this factor to be neutral to transfer." (Dkt. No. 26 at 9).

Delek does not acknowledge that *all* witnesses *and* parties must be considered in analyzing this factor. Neither party has identified non-party witnesses, and Delek focuses solely on its own employees in Tyler. Delek eschews consideration of witnesses and parties in Big Spring, Texas, Arkansas, and Louisiana. All three locations are well beyond 100 miles from both Tyler and Marshall. Thus, any witnesses and parties from these refineries will incur travel expenses no matter if the case is tried in Marshall or Tyler. Because Delek fails to show that transfer would reduce the total inconvenience for all parties and witnesses, this factor is neutral.

### d. Other Practical Problems

In considering whether the transferee court is clearly more convenient, the court considers other practical problems that make trial of a case easy, expeditious, and inexpensive. *In re Volkswagen I*, 371 F.3d at 203. "Practical problems include those that are rationally based on judicial economy." *Eolas Technologies, Inc. v. Adobe Sys., Inc.*, 6:09-CV-446, 2010 WL 3835762 (E.D. Tex. Sept. 28, 2010), aff'd *In re Google, Inc.*, 412 Fed. Appx. 295 (Fed. Cir. 2011). Judicial economy is included in the consideration of the interest of justice. *See Regents of the Univ. of Cal.*

*v. Eli Lilly & Co.*, 119 F.3d 1559, 1565 (Fed. Cir. 1997). Other practical problems include the place of the alleged wrong, plaintiff's choice of forum, and the possibility of delay. *Empty Barge Lines II, Inc. v. Fisher*, 441 F. Supp. 2d 786, 796-99 (E.D. Tex. 2006). Indeed, the "place of the alleged wrong is a significant factor in the transfer analysis." *Id.* at 796. The plaintiff's choice of forum is given less weight when the plaintiff brings suit outside its home district and when most of the operative facts occurred outside the district. *Id.* at 797. In terms of delay, a prompt trial is not without relevance to the convenience of parties and witnesses and the interest of justice. *Id.* at 798. The Fifth Circuit has clarified that "the garden-variety delay associated with transfer is not to be taken into consideration when ruling on a § 1404(a) motion to transfer." *In re Radmax*, 720 F.3d at 289.

Neither Delek nor Plaintiffs make any argument as to potential practical problems in retaining this case in the Marshall Division. With no separate basis to support judicial economy or some other practical problem which would result from transfer, the Court finds that this factor is neutral.

### 2. Public Interest Factors

The public factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Volkswagen I*, 371 F.3d at 203 (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)).

#### a. Court Congestion

"To the extent that court congestion is relevant, the speed with which a case can come to trial and be resolved is a factor" in the transfer analysis. *In re Genentech*, 566 F.3d at 1347. Delek

concedes this factor is neutral. (Dkt. No. 24 at 9). Plaintiffs simply point out that this factor weighs against transfer since Delek does not provide evidence of congestion in the Marshall Division. (Dkt. No. 26 at 9). Without further analysis from the parties, and due to the speculative nature of this factor in general, this factor is neutral.

### b. Local Interest

This factor analyzes the "factual connection" that a case has with the transferee and transferor venues. *Id.* Local interests that could apply to any judicial district or division in the United States are disregarded in favor of particularized local interests. *In re TS Tech*, 551 F.3d at 1321; *Volkswagen II*, 545 F.3d at 318.

Delek argues that this factor weighs in favor of transfer because the Plaintiffs' alleged injuries occurred in the Tyler Division, and thus the Tyler Division has more local interest in this case than the Marshall Division. (Dkt. NO. 24 at 8). Plaintiffs respond that this factor does not weigh in favor of transfer because not all of the parties in this case reside in the Tyler Division and not all of the putative plaintiffs reside in the Eastern District of Texas. (Dkt. No. 26 at 10). Plaintiffs mention that one Plaintiff resides in Midland, Texas and other putative plaintiffs possibly live in the Marshall Division. (*Id.*).

Defendants are correct in noting that the factual connection should be considered, but the factual connection in this case is not limited just to Tyler. As discussed above, this matter involves a Plaintiff in Midland, within the Western District of Texas, and potentially involves putative plaintiffs not only from Tyler, but from Big Spring, Texas, Arkansas, and Louisiana. Additionally, as pointed out by Plaintiffs, putative plaintiffs may very well reside in a county within the Marshall Division. There is a relevant connection between the events giving rise to this cause of action and the Tyler Division, but the same can be said for the Marshall Division given that putative members

may reside in this Division. The alleged violation of the FLSA "calls into question the work and reputation of several individuals residing in or near [this division] and who presumably conduct business in [this] community." *In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1336 (Fed. Cir. 2009). Accordingly, this factor is neutral.

### c. Familiarity of the Forum with Law

Plaintiffs' claims are governed by FLSA. Both courts are capable of applying this law, and therefore this factor is neutral.

### d. Conflict of Laws

Delek concedes this factor is neutral. (Dkt. No. 24 at 9). Plaintiffs concede that there are no conflicts of law issues. (Dkt. No. 26 at 11). The Court finds that transfer would not present a conflict of law issue and finds this factor neutral.

## CONCLUSION

The private and public interest factors in this case demonstrate that the Tyler Division is not more convenient than the Marshall Division: all eight factors are neutral. Delek has thus not its "good cause" burden. Accordingly, Plaintiffs' choice of venue should be respected and Delek's motion to transfer (Dkt. No. 24) is **DENIED**.

**SIGNED this 5th day of June, 2019.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE